MOLLFULLEDA ET AL., PLAINTIFFS AND APPELLANTS, v. ROSSY, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an action to set aside a judgment.

No. 1061.—Originally decided January 22, 1914.

Motion for reconsideration decided February 3, 1914.

APPEAL—STATEMENT OF CASE.—When a party appeals from a decision denying the approval of a statement of the case and fails to present to the Supreme Court the necessary elements to enable the court to decide whether the order appealed from is or is not lawful, the appeal should be dismissed.

ID.—TRANSCRIPT OF RECORD.—A party cannot select arbitrarily without the consent of the other party and without the approval of the trial court the documents which are to form the transcript of the record of an appeal. A transcript so prepared contrary to the procedure prescribed by law, cannot serve as a basis for the Supreme Court to decide the appeal on its merits.

ON MOTION FOR RECONSIDERATION.

ID.—STATEMENT OF CASE.—In cases like the present where evidence was examined and the appeal taken by the defendant from the judgment is based on the ground that the trial court did not weigh the evidence properly, in order that this court may consider and decide such question it is necessary that the appellant file a statement of the case containing the evidence on which the trial court based the judgment appealed from.

Juan Mollfulleda, the appellant, filed a brief *pro se.*

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In this case Juan Mollfulleda, alleging that he appeared in his own right and in representation of his wife, Damiana Huertas, filed a complaint in the District Court of San Juan, Section 1, against Manuel F. Rossy for the annulment of a judgment and for other purposes.

The defendant answered the complaint denying each and all of the 20 allegations contained therein and on August 26, 1913, both parties appeared before the district court and after the evidence had been introduced and examined the court rendered judgment dismissing the complaint with costs, expenses and attorney's fees against the plaintiff.

The plaintiff appealed from the judgment and presented to the trial court a draft of a statement of the case. The transcript of the record brought up to this court is certified to by the secretary of the lower court and the following appears therein in relation to the said proposed statement of the case:

"The parties appeared to discuss the statement of the case and after hearing their respective allegations and objections and it appearing that the said document is not an exact and complete statement of the pleadings and proceedings in the action because it fails to mention or refer to various documents and also omits all of the oral testimony, the court granted the plaintiff five days within which to amend the said statement. The said plaintiff stated that he was not obliged to make the said amendments and rejected the extension of time granted him, wherefore the court refused to approve the said document in the form in which it was drafted."

It also appears from the transcript of the record that the plaintiff appealed from the said ruling of the district court refusing to approve the statement of the case.

On January 15, 1914, the appeal was heard before this court, only the plaintiff Mollfulleda appearing personally, and the case was submitted finally for our consideration and decision.

Let us examine in the first place the appeal from the order refusing to approve the statement of the case. The appellant only filed the appeal. He brings up nothing which can serve as a basis for a consideration of the question raised. Therefore, we must accept as wholly true the statements of the district judge in the order appealed from, to wit, that the document presented by the appellant not only is not a correct and complete statement of the case, but also that it does not contain any part of the oral testimony introduced, and, consequently, we must hold that the trial judge acted correctly in refusing to approve the statement of the case. The document submitted to the trial judge was not really a statement of the case.

Let us examine the appeal from the judgment. Not only is there no duly approved statement of the case which can serve as a basis for the consideration of the appeal, but the transcript of the record itself was not drawn up by the appellant in accordance with law. The certificate to the said transcript by the secretary of the District Court of San Juan reads as follows:

"I certify that the foregoing are true and exact copies of the originals in case No. 4497 brought by Juan Mollfulleda against Manuel F. Rossy for the annulment of a judgment, the same being copies of only the pleadings, documents, etc., requested by the plaintiff of those in the record."

A party cannot select arbitrarily and without the consent of the other party and without the approval of the trial court the documents which are to form the record of an appeal. The law clearly regulates the procedure which must be followed in preparing a statement of the case in the court *a quo* and in taking up to this court the transcript of the record in cases on appeal, and this procedure, which confers equal rights upon all the parties, is binding upon all the litigants.

In view of the foregoing we must conclude that we have no ground for considering and deciding this appeal. A complete transcript of the record has not been brought up to this court and therefore the appeals filed must be dismissed.

*Appeals dismissed.*

Chief Justice Hernández and Justice Wolf concurred.

Mr. Justice Aldrey did not sit during the hearing of this appeal.

A motion to reconsider having been filed by the appellant, it was overruled on February 3, 1914, in the following opinion of the court delivered by Mr. Justice del Toro:

This case was decided by this court in a judgment of January 22, 1914. The appellant, Mollfulleda, alleging that he

appears in his own behalf and in representation of his wife, Damiana Huerta, has filed two papers dated January 29, 1914, which appear to be motions for a reconsideration of our judgment and for the reversal of the order and judgment appealed from.

The motions are obscure but it may be deduced from them that the appellant contends that we have jurisdiction to reconsider and decide the appeal because a statement of the case is not always absolutely necessary. It is quite true that in many cases we can consider and decide appeals without a statement of the evidence and with only a copy of the judgment roll before us; for example, in the case of a judgment rendered on the pleadings, but in this particular case, as we stated in our opinion of January 22, 1914, the complaint was filed, the defendant filed his answer denying each and all of the 20 allegations, the evidence was introduced and examined and judgment was rendered in favor of the defendant. The appeal was based on the ground that the trial court did not weigh the evidence properly. How could we consider and decide such a point if the appellant did not file in the office of the secretary of this court, as it was his duty to do, a statement of the case or a statement of the facts containing the evidence upon which the lower court based the judgment appealed from?

After examining the merits of the only question raised in the papers of January 29 which could be considered pertinent to the motion for reconsideration and the same being without foundation, the motion must be overruled.

*Motion to reconsider overruled.*

Chief Justice Hernández and Justice Wolf concurred.

Mr. Justice Aldrey took no part in the decision of this motion.